IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO SERESEROZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2723-M-BN |
| | § | |
| DEPARTMENT OF VA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Through a letter dated January 29, 2014, the Department of Veterans Affairs (the "VA") informed Plaintiff that his administrative claim under the Federal Torts Claim Act (the "FTCA") was being denied on the VA's finding of no negligent or wrongful act on the part of a [VA] employee ... acting within the scope of his or her employment." Dkt. No. 3 at 2. Through the same letter, the VA informed Plaintiff that he had the option to "file suit directly under the FTCA" in federal district court "within six months of the mailing of [the denial notice]" and that, "[i]n any lawsuit, the proper party defendant is the United States, not the [VA]." *Id.* at 3.

On July 29, 2014, Plaintiff filed a complaint in this Court against "The Dept of

va (sloan D Gibson)." Dkt. No. 3 at 1. To ascertain the proper defendant or defendants to this action, the undersigned sent interrogatories to Plaintiff on August 21, 2014. *See* Dkt. No. 7. Plaintiff timely responded. *See* Dkt. Nos. 10 & 11.

Through his responses, Plaintiff has verified that his action is brought pursuant to the FTCA. *See* Dkt. No. 10 at 3-8. Plaintiff reports that "Department of VA" is specifically "United States of America/Dept of VA" and that he also intends to sue the present VA Secretary, who is currently Robert A. McDonald. *Id.* at 2-3. Plaintiff further asserts that both defendants may be served at "Dept of VA, 810 Vermont Ave. NW, Washington DC 20420." *Id.*

## Legal Standards

While a party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper, *see Boudreau v. United States,*, 82 (5th Cir. 1995), federal courts also have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Under the FTCA, federal courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x

338, 339-40 (5th Cir. July 12, 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)).

Claims under the FTCA, however, "may be brought against only the United States,

and not the agencies or employees of the United States." *Id.* (citing 28 U.S.C. §§ 2671,

2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). "An FTCA claim brought

against a federal agency or employee rather than the United States <u>shall</u> be dismissed

for want of jurisdiction." *Id.* (citations omitted and emphasis added).[1]

## Analysis

To the extent that Plaintiff is asserting claims under the FTCA against the

United States Department of Veterans Affairs and Secretary of Veterans Affairs

Robert A. McDonald, those claims are clearly improper and must be dismissed for

want of jurisdiction. What is not clear, however, is whether Plaintiff has separately

stated that he is asserting an FTCA claim against the United States of America, the

sole proper defendant.

The Court asked Plaintiff to "specify who you mean by Department of VA," and

Plaintiff responded "United States of America/Dept of VA." Dkt. No. 10 at 1. Although

this response could mean the United States of America Department of Veterans

---

[1] *See also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction."); *Nicosia v. Secretary of Army*, 220 F.3d 585, 2000 WL 959898, at *1 (5th Cir. June 13, 2000) (per curiam) (failure to "name the United States as a defendant ... is fatal to FTCA jurisdiction"); *Prentice v. United States*, 980 F. Supp. 2d 748, 751 (N.D. Tex. 2013)(applying *Galvin* and concluding that "jurisdiction is lacking for any malpractice claim against the VA").

Affairs, the Court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. Feb. 12, 2014) (per curiam). Given this duty, the Court should interpret this response to mean that Plaintiff is suing the United States of America and the VA separately. Some courts have gone one step further and added the United States as a defendant *sua sponte*, rather than dismiss *pro se* FTCA litigation. *See, e.g.*, *Lewis v. Maye*, No. 13-3050-SAC, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("the court liberally construes this *pro se* complaint by substituting the United States as the only defendant in plaintiff's FTCA claim "); *accord Dockery v. Tucker*, No. 97–CV3584, 2006 WL 5893295, at *7 (E.D.N.Y. Sept. 6, 2006); *Brockway v. VA Conn. Healthcare Sys.*, No. 3:10-CV-719(CSH), 2012 WL 2154263, at *7 (D. Conn. June 13, 2012).

Further, based on the VA's letter dated January 29, 2014, *see* Dkt. No. 3 at 2, it does not appear – at least at this initial screening stage – that the Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust administrative remedies. *See Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) ("As a jurisdictional requisite to maintaining a suit against the United States under the FTCA, a plaintiff is required to first present notice of his or her claim to the appropriate federal agency by filing a claim." (citing *Frantz v. United States*, 29 F.3d 222, 223 (5th Cir. 1994) (citing 28 U.S.C. § 2675(a)))), *rec. adopted*, 2010 WL

1730786 (N.D. Tex. Apr. 27, 2010).

## Recommendation

Plaintiff's FTCA claims against the United States Department of Veterans Affairs and the Secretary of Veterans Affairs should be summarily dismissed for want of jurisdiction.

But Plaintiff's FTCA claim against the United States of America should be allowed to proceed. Accordingly, the United States should be specifically named as a defendant. And this matter should be recommitted to the undersigned for further case management.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 22, 2014

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE