IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO SERESEROZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-2723-M-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO APPOINT COUNSEL**

This case under the Federal Torts Claims Act ("FTCA") is before the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference.

Plaintiff Emilio Sereseroz, Jr., proceeding *pro se* and *in forma pauperis*, has filed a motion for appointment of counsel, *see* Dkt. No. 26, generally providing that exceptional circumstances exist because his claims are "getting more and more difficult" to prosecute and that he needs legal assistance to address the seventeen affirmative defenses raised by the United States and handle discovery, *see id.* at 31. Plaintiff includes in his motion two decisions from the Social Security Administration – from 2013 and 2014 – finding him to be disabled, *see id.* at 16-30, and nine letters received from various law firms – from March 2013 through February 2015 – declining to represent Plaintiff, including on his FTCA claim pending in this Court, *see id.* at 7-15.

-1-

**Legal Standards**

While "[t]here is no absolute right to an attorney in [civil] cases," *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010) (Section 1983),

> "[a] federal court has discretion to appoint counsel if doing so would advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citing 28 U.S.C. § 1915(d) (1976)). The district court should consider four factors in ruling on a request for appointed counsel: "(1) the type and complexity of the case; (2) whether [Plaintiff] is capable of adequately presenting [his] case; (3) whether [Plaintiff] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.*

*Gilbert v. French*, 364 F. App'x 76, 84-85 (5th Cir. Feb. 2, 2010) (per curiam); *see Lockamy v. Carrillo*, 432 F. App'x 283, 286 (5th Cir. July 6, 2011) (per curiam) ("A district court may appoint counsel in[, for example, ]a § 1983 case if exceptional circumstances exist. The existence of exceptional circumstances depends upon 'the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.'" (citing *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam); quoting *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007)); *see also Nickols*, 705 F. Supp. 2d at 584 ("[A] motion for appointment of an attorney under § 1915 should not be granted absent exceptional circumstances." (citing *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991); *Hulsey v. Texas*, 929 F.2d 168, 172 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986))).

## Analysis

Plaintiff has not demonstrated that exceptional circumstances justifying appointment of counsel exist at this time.

An action under the FTCA, in which medical malpractice may be at issue – similar to a claim for deliberate indifference in violation of Section 1983 – may involve complex issues. But that alone does not justify the appointment of counsel in this case at this time. *Cf. Mooney v. Dallas County*, No. 3:05-cv-1432-N, 2008 WL 151250, at *5 (N.D. Tex. Jan. 14, 2008) ("While it is doubtful that an inmate plaintiff is capable of self-representation in an action involving medical treatment and expert testimony, see the factors enumerated in *Ulmer* ..., it does not follow that merely because medical testimony and records are relevant that this fact renders every civil rights action alleging deliberate indifference to serious medical needs one in which exceptional circumstances are present." (emphasis added)); *see also Cutts v. Dennehy*, Civil Action No. 09-10902-DPW, 2010 WL 1344977, at *2 (D. Mass. Mar. 30, 2010) ("While the nature of the claims (medical malpractice/deliberate indifference to medical needs) can involve complex issues of law and/or fact, that alone is not sufficient to justify appointment of counsel in this case. A review of the record indicates that plaintiff is proficient in the English language and has a familiarity with various legal and medical terms, concepts, and proceedings. There is no market based impediment to the plaintiff's own retention of private counsel. This is particularly common in the medical malpractice/deliberate indifference to medical needs context where the customary form of engagement for cases of arguable merit is by contingent fee, and as to constitutional

violations, the right to attorney's fees is available to prevailing parties. To be sure, the screening process by private attorneys for such matters serves to filter out unpromising cases. A court should be reluctant to tamper with this market mechanism for screening cases by independently assigning counsel.").

To date, there appears to be no reason why Plaintiff cannot adequately research and investigate the case on his own without the Court's taking the exceptional step of appointing counsel. This appears to be particularly true where, like here, Plaintiff has been unsuccessful in obtaining counsel and appears to turn to the Court to fill a need that the private market will not. *Compare* Dkt. No. 26 at 7-15, *with Cutts*, 2010 WL 1344977, at *2; *see also Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. Jan. 29, 2009) (in considering whether exceptional circumstances justify the appointment of counsel, some courts also consider the likelihood of success on the merits of the claim).

Although Plaintiff reports that he has limited knowledge of the law, so far, Plaintiff has presented the Court with adequate pleadings – that is, Plaintiff has been able to articulate his claims so that the Court can understand them. *Cf. Falcon v. Holly*, 480 F. App'x 325, 326-27 (5th Cir. July 3, 2012) (per curiam) (vacating summary judgment for defendant on an excessive force claim but, at the same time, affirming denial of appointment of counsel "[b]ecause [Plaintiff] has not shown that the case involves exceptional circumstances").

The Court is presently unable to ascertain whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. It could. For example, at the parties' request, *see* Dkt. No. 23, the

Court provided approximately one year to complete discovery, *see generally* Dkt. No. 25. But, at this time, the Court is not in a position to assess how evidence will be used in this case.

Therefore, none of the *Ulmer* factors, taken together or individually, currently compel the appointment of counsel.

But the denial of Plaintiff's motion is without prejudice. That is, Plaintiff may again move for the appointment of counsel. But Plaintiff shall first reach out to counsel for the United States to discuss such a motion before filing it. *See* Dkt. No. 21.

## Conclusion

Plaintiff's Motion to Appoint Counsel [Dkt. No. 26] is DENIED without prejudice.

SO ORDERED.

DATED: March 25, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE