IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO SERESEROZ, JR., | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2723-M-BN |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Emilio Sereseroz, Jr., proceeding *pro se,* has sued the United States under the Federal Torts Claim Act (the "FTCA"), alleging medical malpractice. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The United States has moved for summary judgment. *See* Dkt. Nos. 49, 52, & 53. Sereseroz opposes the motion and has filed several motions related to his opposition. *See* Dkt. Nos. 54, 55, 56, 57, & 59. And the United States has filed a reply brief. *See* Dkt. No. 58.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should grant United States's motion for summary judgment, deny Sereseroz's pending motions, and dismiss this action with prejudice.

**Applicable Background**

Sereseroz alleges that the Dallas Veterans Affairs Medical Center (the "VA") has failed to diagnose and/or treat a litany of illnesses and disorders. *See* Dkt. Nos. 3, 10, & 11. Following initial screening, the Court determined that Sereseroz's complaint should be served, *see Sereseroz v. Dep't of VA*, No. 3:14-cv-2723-M, 2014 WL 5297375 (N.D. Tex. Sept. 22, 2014), *rec. accepted*, 2014 WL 5297375 (N.D. Tex. Oct. 16, 2014), and the United States answered on December 19, 2014, *see* Dkt. No. 19. The Court accepted the parties' proposed extended discovery period and initially set December 15, 2015 as the expert disclosure deadline and February 1, 2016 as the discovery cutoff. *See* Dkt. No. 25, ¶¶ 5 & 6. Sereseroz twice requested that the discovery deadline be extended, and the Court granted both requests, extending that deadline to April 1, 2016, *see* Dkt. No. 38, and then to September 30, 2016, *see* Dkt. No. 46. In total, from the date that the United States answered, Sereseroz had some 650 days to complete discovery.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict

for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party

and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.

1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or

defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

**Analysis**

Sereseroz's medical malpractice suit is authorized by the FTCA, which allows "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). Texas law therefore "controls liability." *Id.* (citing *Ayers v. United*

*States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985)).

> Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). The plaintiff must establish the standard of care as a threshold issue before the factfinder may consider whether the defendant breached that standard of care to the extent it constituted negligence. *Id.* "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the plaintiff's burden of proof. *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

*Id.*

Here, Sereseroz alleges that the VA was negligent as to its treatment of him for post-traumatic stress disorder, traumatic brain injury, hypertension, degenerative joint disease, degenerative disc disease, anxiety disorder, bipolar disorder, vision loss, and snoring disorder. *See* Dkt. No. 3. The treatment of none of these conditions "is a matter of common knowledge" or "within the experience of a layman." *Hannah*, 523 F.3d at 601; *cf. Warden v. United States*, 861 F. Supp. 400, 403 (E.D.N.C. 1993) ("In the present case the question is whether defendant's employees' decision to treat plaintiff's condition as a non-emergency and require treatment at USMCFP-Springfield unnecessarily caused plaintiff to suffer additional disfigurement, disfunction, pain and suffering or whether plaintiff's condition resulted from a degenerative disc disease. The answer to this question is obviously not a matter of common knowledge nor does it warrant the presumption created by applying the doctrine of *res ipsa loquitur*. Thus, under the general rule, plaintiff was required to produce expert testimony to establish a prima facie case on his medical malpractice claim."); *Natale v. United States*, Civ. A.

No. 13-2339, 2014 WL 1281224, at *5 (E.D. Pa. Mar. 28, 2014) (holding the same as to the treatment of vision disorders).

Sereseroz therefore bears the burden to establish the applicable standard of care with expert testimony.

Even where a plaintiff is proceeding *pro se*, if, like here, expert testimony is necessary to establish the standard of care, a plaintiff's failure to properly designate or obtain "an expert to testify on his behalf" is a proper basis to grant summary judgment for a defendant as to the claim at issue. *Hannah*, 523 F.3d at 602; *accord Borden v. United States*, 537 F. App'x 570, 575 (5th Cir. 2013) (per curiam) ("[B]ecause Borden failed to designate a medical expert to establish the threshold standard-of-care issue, the court properly granted summary judgment for the Government on her medical-malpractice claim."); *Fujita v. United States*, 416 F. App'x 400, 403 (5th Cir. 2011) ("The district court correctly concluded that the government is entitled to summary judgment if Fujita cannot designate an expert witness to establish that the government breached the standard of care, an essential element of the medical-malpractice claim." (footnote omitted)); *see also Honey-Love v. United States*, 664 F. App'x 358, No. 16-20080, 2016 WL 6109911, at *4 (5th Cir. Oct. 19, 2016) (per curiam).

Here, Sereseroz filed a Designation of Expert Witnesses, listing the names, addresses, and phone numbers for four individuals – an "expert witness in the field of psychology forensics"; a "board certified psychology forensics and lawyer"; an "expert witness in the field of orthopedics"; and an "expert in forensics economics." Dkt. No. 28.

But Sereseroz has failed to provide (1) a written report from any expert whom he has designated, as required by Federal Rule of Civil Procedure 26(a)(2)(B), or, to the extent that an expert report is not required, (2) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C)(ii); *see Wilson v. Home Depot U.S.A., Inc.*, No. 3:12-cv-5292-B, 2014 WL 1882024, at *2 (N.D. Tex. May 12, 2014) ("Rule 26(a)(2)(B) ... requires a party include reports that are 'detailed and complete' rather than 'sketchy and vague.'" A report that provides "nothing more than the names and addresses of the four doctors on which [a party] hoped to rely" "similarly does not meet Rule 26(a)(2)(C)'s mandate of 'a summary of the facts and opinions to which the witness is expected to testify.'" (respectively quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); FED. R. CIV. P. 26(a)(2)(C)(ii))).

The Court spelled out these requirements in the February 5, 2015 Initial Scheduling Order. *See* Dkt. No. 25, ¶ 5. That order further explained that, "[b]ecause [Sereseroz] is a *pro se* litigant, the Court may hold his filings to a less stringent standard than papers drafted and filed by an attorney," but the Court cautioned Sereseroz that "this is [his] lawsuit, and, ultimately, [he] must prove that he is entitled to relief. Neither the Court (or any of its staff) nor counsel for Defendant will serve as *de facto* counsel for [him]." *Id.*, ¶ 1 (citation omitted); *cf. Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015) (per curiam) ("Bringing a case *pro se* is challenging, especially for non-lawyers. Ms. Jones was at a significant disadvantage because she was unable to hire counsel familiar with court proceedings. Recognizing

such disadvantages, we traditionally extend leniency to *pro se* litigants, and applaud district court efforts to facilitate *pro se* litigants' understanding of their responsibilities. Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure." (footnotes omitted)).

Not only does Sereseroz's expert designation fail to comply with Rule 26(a)(2) and the Court's order, the United States has submitted unchallenged, signed declarations from each individual identified by Sereseroz as one of his experts, and all four have testified that they neither agreed to serve as an expert witness for Sereseroz in this action nor gave him permission to designate them as expert witnesses. *See* Dkt. No. 53 at 226-229.

Even if the Court puts that testimony aside, Sereseroz may not rely on his deficient expert designation to oppose the United States's motion for summary judgment unless his failure to comply with Rule 26(a)(2) "was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see Wilson*, 2014 WL 1882024, at *2 ("If a party fails to provide information as required under Rule 26(a), he may not use that information or witness to 'supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" (quoting FED. R. CIV. P. 37(c)(1))).

> "A district court considers four factors when determining if such a violation is harmless: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence and related witnesses' testimony." *Reyes v. City of Farmers Branch, Texas*, No. 3:07-CV-900-O, 2008 WL 4791498, at *3 (N.D. Tex. Nov.4, 2008) (citing

> *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). "The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

*Wilson*, 2014 WL 1882024, at *2.

Here, the missing expert evidence "is vital to [Sereseroz's] cause," *Borden*, 537 F. App'x at 574, but Sereseroz has offered no explanation for his deficient expert disclosure – or his failure to first contact the experts before designating them to the Court – and Sereseroz has been afforded multiple extensions of time. And granting another extension now, after the United States has moved for summary judgment, prejudices the United States. *Cf. Valcho v. Dallas Cty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment." (collecting cases)). The undersigned does not find therefore that the factors favor excusing Sereseroz's deficient expert disclosure.

These deficiencies, which are neither substantially justified nor harmless, leave Sereseroz without "the requisite expert evidence to support [his] Texas medical negligence claim[s,]" which therefore entitles the United States to summary judgment. *Honey-Love*, 2016 WL 6109911, at *4 ("Here, the applicable standard of care is one involving doctors treating a spinal cord injury patient within a specialized SCI unit. This is not a matter of common knowledge, therefore expert testimony is required to demonstrate the elements of negligence and causation. Honey-Love did not sufficiently demonstrate Dr. Davey qualified as an expert as to this applicable standard of care.

With Dr. Davey's testimony excluded under Federal Rule of Civil Procedure 26(a)(2)(B) and Federal Rule of Evidence 702, Honey-Love did not have the requisite expert evidence to support her Texas medical negligence claim against either the four VAMC doctors nor Drs. Dichoso and Rothenberg. Therefore, these defendants were entitled to summary judgment as a matter of law." (citation omitted)).

The Court should grant the United States's motion for summary judgment for the reasons discussed above and also because none of Sereseroz's pending motions – all of which should be denied – preclude granting the motion for summary judgment.

First, the Court should deny Sereseroz's third request for appointment of counsel, in which he does not provide new reasons why exceptional circumstances justify appointing counsel but merely references his previous motions and the Court's orders denying those motions. *See* Dkt. No. 54; *see also* Dkt. Nos. 26, 27, 30, & 42.

On December 5, 2016, Sereseroz filed two motions that could be construed as motions to compel. *See* Dkt. Nos. 56 & 57. In one, he appears to seek responses to requests for admissions that he presumably served on September 30, 2016 – the day that the extended period to complete discovery expired. *Compare* Dkt. No. 56, *with* Dkt. No. 48 (dated Sept. 30, 2016). The second motion to compel appears to concern a document subpoena directed to the United States that Sereseroz obtained on September 30, 2016. *See* Dkt. No. 57. To the extent that Sereseroz moves to compel responses to discovery requests – requests for admissions or construed requests for production of documents – that he presumably served on the last day of the discovery period, the Court's scheduling orders have made it clear that "[a]ll discovery" –

including "the use of subpoenas to obtains documents from third parties" – "must be initiated in time to be completed" by the cutoff date. *E.g.*, Dkt. No. 25 at 5.

Because it appears that Sereseroz waited until the last day to initiate the discovery at issue, the United States "was under no obligation to comply with ... discovery request[s] that conflicted with the [applicable] deadline," and the Court should "not compel [the United States] to do so now." *Hamilton v. Coastal Bridge Co., LLC*, Civ. A. No. 13-756-JJB-RLB, 2014 WL 7013948, at *2 (M.D. La. Dec. 22, 2014). *Compare* Dkt. Nos. 52 at 7 n.2 & 58 at 2 n.1 (raising timeliness objections to Sereseroz's discovery requests), *with Droblyn v. Rock-Tenn Servs., Inc.*, No. 3:13-cv-302-BN, 2014 WL 798381, *3 (N.D. Tex. Feb. 28, 2014) ("Because [the discovery requests] were untimely filed, and the untimeliness objection raised to each request was not waived by Defendant, the Court will not compel Defendant to respond [to] those discovery requests.").

Finally, Sereseroz's December 16, 2016 motion requesting "a continuance to enable affidavits to [be] obtained, depositions to be taken, or other discovery to be undertaken," Dkt. No. 59 at 1, appears to be a motion under Federal Rule of Civil Procedure 56(d), under which, a "nonmovant" may provide the Court with "specified reasons" why "it cannot present facts essential to justify its opposition" to a motion for summary judgment, FED. R. CIV. P. 56(d).

"Rule 56(d) 'discovery motions are "broadly favored and should be liberally granted."'" *Integracolor, Ltd. v. McClure*, No. 3:13-cv-4357-B, 2014 WL 4209577, at *3 (N.D. Tex. Aug. 26, 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.

2010) (in turn quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); construing former FED. R. CIV. P. 56(f))). But a Rule 56(d) "motion to re-open discovery [is] procedurally defective" – and therefore must be denied – if "a party requesting additional discovery as to facts essential to its opposition of a motion for summary judgment [fails] to present an affidavit or declaration." *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (per curiam). And, even a procedurally proper Rule 56(d) motion should not be granted if the nonmovant cannot "specifically demonstrat[e] how postponement of a ruling on the motion will enable it, by discovery, to rebut the movant's showing of the absence of a genuine issue of fact and defeat summary judgment." *Integracolor*, 2014 WL 4209577, at *3 (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (construing former FED. R. CIV. P. 56(f))).

Sereseroz's motion should be denied solely because he has failed to present an affidavit or declaration. But it also should be denied because he fails to articulate the specific discovery he now seeks.

And, to the extent that Sereseroz seeks expert discovery, *see* Dkt. No. 55 at 3 (summary-judgment opposition citing the Federal Rules of Evidence concerning experts, including Rule 706), his *in forma pauperis* status does not afford him a court-appointed expert, as "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant," *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *see also Hannah*, 523 F.3d at 600 ("Rule 706 contemplates the appointment of an expert to aid the court," not an individual party. (citing CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 3 FEDERAL EVIDENCE §§ 7:25, 7:26

(3d ed. 2007))).

## Recommendation

The Court should grant the United States's motion for summary judgment [Dkt. No. 49], deny Sereseroz's pending motions [Dkt. Nos. 54, 56, 57, & 59], and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 2, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE